UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENT BLUE,

      Petitioner,

v.                                   CASE NO. 5:10-cv-00353-Oc-10TBS

WARDEN, FCC Coleman USP I

      Respondent.

_____/

## **ORDER**

Petitioner Kent Blue ("Petitioner"), an inmate currently incarcerated at the Coleman Federal Correctional Complex in Coleman, Florida, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1, filed August 2, 2010). Petitioner argues that his sentence was improperly enhanced at his 1990 sentencing because subsequent United States Supreme Court decisions have determined that one or more of the underlying convictions used to do so was not a qualifying predicate felony for enhancement. Respondent filed a response to the petition (Doc. 9, filed December 29, 2010). Petitioner filed a reply (Doc. 12, filed February 22, 2011).

Upon due consideration of the petition, the response, and the reply, the Court determines that the petition is due to be dismissed as an improper filing under § 2241. If the petition were not due to be dismissed, it would fail on the merits.

## I.   **Background**

On September 28, 1989, Petitioner was indicted by a federal grand jury on two counts of possession of five or more grams of cocaine base with in intent to distribute it, in violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Criminal Case No. 8:89-cr-223-T-15A).[1]  On September 29, 1989, the Government filed a notice of intent to use Petitioner's prior drug convictions for possession of cocaine and sale of cocaine to apply the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B)(iii) to determine the appropriate sentence if convicted (Cr. Doc. 12).   On December 6, 1989, Petitioner pleaded guilty to both counts of the indictment.

On March 15, 1990, a sentencing hearing was held (Doc. 9 at 17-28).  The district court determined that the applicable guidelines called for an imprisonment range of 360 months to life (Doc. 9 at 24).  Petitioner was sentenced as a career offender to concurrent terms of 360 months imprisonment, followed by three years of supervised release (Doc. 9 at 27).

Petitioner appealed his sentence, challenging the district court's denial of his motion to withdraw his plea and alleging ineffective assistance of counsel.  On May 15, 1991, the Eleventh Circuit affirmed.  On September 20, 1993, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The district court denied Petitioner's motion and the Eleventh Circuit affirmed.  Petitioner filed a request to the Eleventh Circuit for permission to file a successive § 2255 motion which was denied on June 29, 2005 (Cr. Doc. 61).

Petitioner filed a motion to reduce sentence on August 28, 1995 which was denied by the district court on September 23, 2011 (Cr. Doc. 57, 60).  On July 7, 2008, the district court *sua sponte* denied Petitioner reduced sentencing under 18 U.S.C. § 3582 on the crack cocaine offense and the Eleventh Circuit affirmed on February 9, 2009 (Cr. Doc. 63, 73).  On

---

[1]Cr. Case No. 8:89-cr-223-T-15A will be referred to as "Cr. Doc."

September 2, 2008, Petitioner filed a petition for writ of error *coram nobis* under 28 U.S.C. § 1615(a), and the district court denied the claim (Cr. Doc. 68, 70).

The instant petition for habeas relief was filed on August 2, 2010.  In the petition, Petitioner argues that a 1986 conviction for the possession of cocaine was used as an underlying predicate felony for his designation as a career offender and that, pursuant to *Salinas v. United States*, 547 U.S. 188 (2006), a simple possession offense cannot be used as a predicate "controlled substance offense" for career-offender designation. Thus, he argues that he has never been a career offender and that he is actually innocent of the career-offender designation.  He further contends that he did not raise this claim at sentencing because *Salinas* was not available at that time.  In his reply, Petitioner argues that his prior convictions for aggravated battery and aggravated assault were not qualifying prior predicate offenses for the career offender enhancement pursuant to the Supreme Court decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010).

Respondent counters that: (1) Petitioner is not entitled to relief under § 2241; (2) Petitioner is mistaken in his contention that his possession offense was used to support his career criminal designation under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1; and (3) even considering *Johnson*, Petitioner has sufficient qualifying offenses to qualify as a career offender under § 4B1.1 (Doc. 9 at 9-10).

## II.     Discussion

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Because Petitioner's

previous § 2255 motion was denied by "the court which imposed [his] sentence," Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").  Because Petitioner is barred from filing this motion under § 2255, he filed his petition for habeas corpus pursuant to 28 U.S.C. § 2241. However, § 2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition.

### A.  Application of the Savings Clause

 Petitioner argues that he is entitled to file a § 2241 petition because the savings clause provision of § 2255(e) applies to the instant case (Doc. 1 at 7).  Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added).  In *Wofford v. Scott*, the Eleventh Circuit interpreted this provision to mean that the savings clause applies when: (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d 1236, 1244 (11th Cir. 1999). All

4

three *Wofford* requirements must be met before the savings clause may be utilized to seek habeas relief. *See Dean v. MacFadden*, 133 Fed. Appx. 640, 642 (11th Cir. 2005).[2]

Under these requirements, the only sentencing claims in the Eleventh Circuit "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford*, 177 F.3d at 1245; *see also Edwards v. Warden, FCC Coleman–Medium*, 432 Fed. Appx. 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims."). Recently, the Eleventh Circuit determined that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence *not exceeding the statutory maximum.*" *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (emphasis added).

### B.    *Salinas v. United States*

Petitioner cites *Salinas v. United States*, 547 U.S. 188 (2006) as a retroactively applicable Supreme Court decision which clarified that a simple possession offense cannot be used as a predicate controlled substance offense for career-offender designation. Respondent argues that Petitioner's status as a career offender was not dependent on his conviction for possession of crack and that, "[w]hile mere possession convictions do not support a career criminal designation under USSG. § 4B1.1, they are sufficient for statutory enhancement under 21 U.S.C. § 851, as happened in this case." (Doc. 9 at 9).

Setting aside the question of *Salinas'* retroactivity, to the extent Petitioner argues that

---

[2]This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36–2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

his sentence was improperly enhanced under 21 U.S.C. § 851(a)(1), the case offers no relief to Petitioner, even if it had been on the books at the time he was sentenced. *Salinas* precludes using a prior conviction for simple possession of a controlled substance as a "controlled substance offense" when applying the Sentencing Guidelines under USSG § 4B1.1. However, *Salinas* is inapplicable to determining an enhanced sentence under § 841. *See Edwards*, 432 Fed. Appx. at 899 (*Salinas* did not interpret the language of § 841 and could only apply to a conviction under that statute by analogy).

It is clear from the record that Petitioner's 1986 conviction for possession was used to enhance his sentence pursuant to 21 U.S.C. § 841, and not pursuant to USSG § 4B1.1. The Government notified Petitioner that it intended to use his1986 possession conviction and a 1986 sale conviction as prior convictions in its request to the Court to apply the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B)(iii) (Cr. Doc. 12). This was further explained to Petitioner during his sentencing hearing:

> The information that was initially filed in September by Ms. Klosiewicv makes specific reference to previous convictions by this defendant on two offenses. Possession of cocaine and the sale of cocaine in December of 1986. And the statement contained therein, that the government will be relying upon such prior convictions in its request fo the Court to apply the enhanced penalty conviction of Title 21 of the United States Code Section 841, B, 1, B, 3, determining an appropriate sentence in this case.

> So there is clear notice that the Government would undertake to have the penalty enhanced pursuant to that provision. . . .

(Doc. 9 at 20-21). Petitioner's 1986 conviction for possession of cocaine, for which he served one year and one day in prison (PSI ¶ 21), is a "felony drug offense" as defined in Section

802(44)[3] and that conviction, as well as a second uncontested conviction for sale of cocaine (Doc. 12 at 2), qualified Petitioner for an enhanced sentence under § 841(b). Because Petitioner's convictions were for five grams or more of crack, and Petitioner had a prior final felony drug conviction, § 841(b)(1)(B) prescribed a statutory range of ten years to life in prison. Petitioner's sentence of 360 months fell within that statutory range.

Moreover, even assuming, *arguendo*, that Petitioner had <u>no</u> prior felony drug offenses, his sentencing range would have been five to forty years in prison, even without enhancements applied. 21 U.S.C. 841(B)(1)(B)(iii). Because Petitioner's sentence fell within the statutory range, this claim is not within the ambit of the § 2255(e) savings clause. *See Gilbert*, 640 F.3d at 1323.

### C.    *Johnson v. United States*

Petitioner argues that *Johnson v. United States*, 130 S. Ct. 1265 (2010), proves that his prior convictions for aggravated battery and aggravated assault are not crimes of violence and should not have been used as predicate offenses for his classification as a career offender under USSG § 4B1.1 (Doc. 12 at 3). Even assuming, without deciding, that Petitioner is correct in stating that the Supreme Court's holding in *Johnson* applies to aggravated battery and aggravated assault and is meant to be a retroactive decision, *Johnson* does not provide relief.

---

[3] 21 U.S.C. § 802(44) reads:

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

(2011).

First, the statutory maximum to which Petitioner was subject for his crimes was life imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (providing a statutory range of ten years to life in prison for a defendant convicted of possessing with intent to distribute five or more grams of cocaine base and who has a prior drug conviction). Under USSG § 4B1.1(b), after career offender status was applied, Petitioner's guideline imprisonment range was 360 months to life in prison (USSG 4B1.1(c)(3); PSI ¶ 41). Because Petitioner was sentenced to 360 months, his sentence did not exceed the statutory maximum for his offense under 21 U.S.C. § 841(b)(1)(B)(iii). Therefore, under *Gilbert*, Petitioner is not authorized to bring this claim in a § 2241 petition. 640 F.3d at 1323.

Next, even assuming, *arguendo*, that Petitioner's claim was cognizable under 28 U.S.C. § 2241, the claim fails on the merits because Petitioner qualified as a career offender. In order to qualify as a career offender: (1) Petitioner must have been eighteen years old at the time he committed the offense of conviction; (2) the offense of conviction must be either a crime of violence or a controlled substance offense; and (3) Petitioner must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a).

Respondent argues that Petitioner's 1986 conviction for sale of cocaine and his 1988 convictions for aggravated assault with a deadly weapon and aggravated battery with a deadly weapon are qualifying offenses (Doc. 9 at 10). In the instant case, Petitioner's PSI did not specify the precise convictions used to qualify Petitioner as a career offender, but did state that "defendant has two prior felony convictions involving either a crime of violence or a controlled substance, and the instant offense involves a controlled substance." (PSI ¶ 41). Petitioner does not contest that he has a prior felony conviction for the sale of cocaine or that

the instant offense involved a controlled substance. He does deny that he has a prior conviction for aggravated assault, even though such is listed in the PSI (PSI at ¶ 27; Doc. 12 at 4). It is unnecessary for the Court to consider Petitioner's disputed aggravated assault conviction because his March 24, 1988 conviction for aggravated battery with a deadly weapon qualifies as a crime of violence under *Johnson*.

In *Johnson*, the Supreme Court determined that in order for a crime to be a "violent felony" under the Armed Career Criminal Act ("ACCA"),[4] it must involve "violent force," defined by the Court as "force capable of causing physical pain or injury to another." 130 S. Ct. at 1271. The Court concluded that because criminal liability under Florida Statute § 748.03(1)(a) is satisfied by *any* intentional physical contact– no matter how slight, physical force is not automatically an element of § 748.03, as required by the ACCA definition of "violent felony." Therefore, battery under § 748.03(1) is not a "categorically" violent crime. *Johnson*, 130 S.Ct. at 1269–71. However, the Supreme Court did not preclude the use of a battery conviction from consideration as a violent felony if the defendant did indeed use violent force in committing the battery. Rather, the Supreme Court merely determined that a court must use a "modified categorical approach" to determine the basis for the battery conviction by consulting the trial record – including charging documents, plea agreements, and transcripts. *Johnson*, 130 S.Ct. at 1273 (citing to *Nijhawan v. Holder*, 557 U.S. 29 (2009)). Likewise, if a Pre-sentence Report ("PSI") prepared for the district court includes a description of the facts underlying the state-court offense, and the description is not challenged by the defendant, the

---

[4]In *United States v. Archer*, the Eleventh Circuit noted that the definition of "violent felony" under the ACCA is virtually identical to the definition of "crime of violence" under the career offender guideline. 531 F.3d 1347 (11th Cir. 2008).

facts contained therein may be considered by the district court also. *See United States v. Wade*, 458 F.3d 1273, 1278 (11th Cir. 2006); *United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009); *United States v. Bennett*, 472 F.3d 825, 832–34 (11th Cir. 2006).

Petitioner argues that "the Government has failed to produce any *Shepard* approved documents to determine that the conviction for aggravated battery is a qualifying crime of violence." Presumably, Petitioner relies on the Supreme Court holding in *Shepard v. United States* which determined that a sentencing court may not look to police reports to determine the facts of a prior conviction. 544 U.S. 13, 26 (2005). However, it is a long-standing principle in the Eleventh Circuit that a defendant's failure to object to statements in the PSI renders those statements undisputed and permits the sentencing court to rely upon them, even in the absence of supporting evidence. *United States v. Hedges*, 175 F. 3d 1312, 1315 (11th Cir. 1999); *United States v. Hinds*, 435 Fed. Appx. 832, 838 (11th Cir. 2011) (a court may rely on undisputed statements in the PSI). During his sentencing hearing, Petitioner expressed confusion with the application of career offender status and with the calculation of criminal history points in his pre-sentence investigative report (PSI). However, Petitioner indicated that nothing else was incorrect in the PSI and the district court adopted the statements contained therein as its findings of fact (Doc. 9 at 18-24).

Petitioner was convicted of aggravated battery under Florida Statute § 784.045(1)(b) which, at the time of Petitioner's conviction, was battery committed by one who uses a deadly weapon.[5] The facts of the PSI indicate:

---

[5] Petitioner makes the peculiar argument that he was actually convicted of battery on a pregnant victim–presumably because his 1988 judgment indicated that he was guilty under Florida Statute § 784.045(1)(b) (Doc. 12 at 7). Subsequent to Petitioner's conviction, the aggravated battery statute was amended and re-numbered to include battery of a pregnant victim as a form of aggravated assault. As a result, after 1990, Florida Statute § 784.045(1)(b) involves battery on a pregnant victim. Although the

> [O]n March 18, 1988, the defendant demanded a piece of rock cocaine from the victim. The defendant had a small handgun with which he struck the victim and caused him to lose several teeth. The victim also suffered neck and stomach pains.

(PSI at ¶ 28). Section 4B1.1 defines "crime of violence," by reference to USSG § 4B1.2, as any offense punishable by more than one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the another person; or (2) is burglary of a dwelling, arson, extortion, involves the use of explosives, or involves conduct that presents a serious risk of physical injury to another. USSG § 4B1.2.

Striking a victim with enough force to knock out teeth and cause neck and stomach pain involves conduct that presents a serious risk of physical injury to another. Also, aggravated battery with a deadly weapon is roughly similar in kind as well as in degree of risk posed, to the examples of burglary, arson, extortion and explosive offense, which typically involve purposeful, violent and aggressive conduct. As such, Petitioner's conviction for aggravated battery, which consisted of more than mere touching, is a violent felony. Combined with Petitioner's admitted 1986 conviction for the sale of cocaine (PSI ¶ 22), Petitioner was properly sentenced as a career offender. Thus, even if this claim was not barred, Petitioner is not entitled to the relief he seeks.

## III.    Conclusion

In sum, Petitioner cannot satisfy the three-pronged test set forth in *Wofford*, and the savings clause of § 2255(e) does not apply. Therefore, Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition. Because, Petitioner has previously

---

enumeration of the offense changed, the elements of Petitioner's aggravated battery offense, which are battery : (1) to knowingly cause great bodily harm, permanent disability or permanent disfigurement; or (2) with use of a deadly weapon, remained the same. *See* Fla. Stat. § 784.045(1)(b) (1988).

filed a § 2255 petition and has not received permission form the Eleventh Circuit to file another, the instant action is a successive petition, and this Court is without jurisdiction to consider it. Consequently, the instant petition must be dismissed. Moreover, because Petitioner has sufficient qualifying felonies for both the sentence enhancement of 21 U.S.C. § 851 and the career offender designation of USSG § 4B1.1, even if the petition were not due to be dismissed, it would fail on the merits.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Kent Blue is **DISMISSED** as an improper filing under § 2241.

2. The Court determines that, even if properly filed, the petition would fail on its merits.

3.The Clerk is directed to enter judgement against Blue, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Ocala, Florida, this 30th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 4/30
Kent Blue